UN Sealed 5-7-12
Public and unofficial staff access
to this instrument are
prohibited by court order.

GJ 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY – 7 2012

David J. Bradley, Clerk of Court

| UNITED STATES OF AMERICA | § | |
| vs. | § | CRIMINAL NO. B – 12 – 374 |
| ARMANDO VILLALOBOS (1) EDUARDO "EDDIE" LUCIO (2) | § | UNDER SEAL |

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### Introduction

At all times material to this Indictment:

1.    The Office of the District and County Attorney of Cameron County, Texas, was an office created by statute to execute the laws of the State of Texas in a fair and unbiased manner, including prosecution of criminal cases, without favoritism, extortion, improper influence, personal self-enrichment, self-dealing, concealment, and conflict of interest.

2.    Defendant **ARMANDO VILLALOBOS ("VILLALOBOS")** was the elected District and County Attorney for Cameron County, Texas, and was by virtue of that position of trust an officer and employee of state and county government, responsible for lawfully performing and discharging his duties without bias, favoritism, extortion, improper influence, personal self-enrichment, self-dealing, concealment, and conflict of interest.

3.     Defendant **EDUARDO "EDDIE" LUCIO ("LUCIO")** was a licensed attorney practicing in the Southern District of Texas and elsewhere and was a friend and confederate and former law partner of defendant **VILLALOBOS**, who conducted business with the Office of the District and County Attorney of Cameron County, Texas.

4.     The district courts for the State of Texas were courts created by statute to administer, apply, and interpret the laws of the State of Texas in a fair and unbiased manner without favoritism, extortion, improper influence, personal self-enrichment, self-dealing, concealment, and conflict of interest.

5.     PERSON 1 was the elected State District Judge for a judicial district court in Cameron County, Texas, and was by virtue of that position of trust an officer and employee of state government, responsible for lawfully performing and discharging his duties without bias, favoritism, extortion, improper influence, personal self-enrichment, self-dealing, concealment, and conflict of interest.  After January 1, 2009, PERSON 1 was an attorney licensed to practice in the State of Texas, practicing primarily in South Texas.

6.     PERSON "G" is an unindicted co-conspirator.  He/she is an attorney licensed to practice in the state of Texas, practicing primarily in South Texas, and is an associate of defendant **VILLALOBOS** and PERSON 1.

7.     PERSON "E" is an unindicted co-conspirator.  He/she is an attorney licensed to practice in the State of Texas, practicing primarily in South Texas, and is an associate of defendant **VILLALOBOS**.

## COUNT ONE
## 18 U.S.C. Section 1962(c)

### The Enterprise

8.     At all times relevant to this Indictment, the Office of the District and County Attorney of Cameron County, Texas, constituted an enterprise as that term is defined by Title 18, United States Code, Section 1961(4), which was engaged in and the activities of which affected interstate and foreign commerce.

9.     The Office of the District and County Attorney of Cameron County, Texas, was physically located within the Cameron County Courthouse in Brownsville, Texas. It was created by statute to execute and administer the laws of the state of Texas in a fair and unbiased manner.  As a District and County Attorney's office on the international border, it was involved in various aspects of interstate and foreign commerce including, but not limited to, prosecution of individuals from Mexico and other countries and cases involving goods and services traveling in interstate and foreign commerce, as well as matters involving a party from Mexico or another foreign nation, or a party with interested children and other family members or heirs from Mexico or other foreign nations or other U.S. states, whose rights and interests were involved in the litigation.

### Purposes of the Defendants

10.     The purposes of defendants **VILLALOBOS** and **LUCIO** and other unindicted co-conspirators included, but were not limited to, the following:

a.      The use of the Office of the District and County Attorney of Cameron County, Texas, and the position of District and County Attorney to illegally generate income for defendants **VILLALOBOS** and **LUCIO** and others associated with the enterprise, through bribery and extortion, favoritism, improper influence, personal self-enrichment, self-dealing, concealment, and conflict of interest.

b.      The use of the Office of the District and County Attorney of Cameron County, Texas, and the position of District and County Attorney  to deprive the citizens of Cameron County, Texas, and others, of their right to the honest services of public officials.

c.      The use of the Office of the District and County Attorney of Cameron County, Texas, and the position of District and County Attorney to extort money and other things of value from persons with their consent, under color of official right, affecting interstate and foreign commerce.

<u>Means and Methods of the Defendant</u>

11.   Among the means and methods by which defendant **VILLALOBOS** and individuals associated with the enterprise conducted and participated in the conduct of the affairs of the enterprise were the following:

a.      Defendant **VILLALOBOS** solicited and accepted bribe money and otherwise extorted money from attorneys handling criminal cases and matters pending with the Office of the District and County Attorney of Cameron County, Texas,  in return for favorable acts of prosecutorial discretion, including but not

-4-

limited to, minimizing charging decisions, pretrial diversion agreements, agreements on probationary matters, and case dismissals.

b.    Defendant **VILLALOBOS** solicited and arranged for private counsel, including defendant **LUCIO** and Person G, to handle civil and forfeiture matters, that were related to criminal cases and matters pending in the Office of the District and County Attorney of Cameron County, Texas.

c.    Defendant **VILLALOBOS** solicited and accepted bribe money and otherwise extorted money and other favors, under color of official right from private counsel handling the related civil and forfeiture matters, in return for acts of official discretion.

d.    Defendant **VILLALOBOS** solicited and accepted bribe money in attorney surety bond matters, and otherwise extorted money from private counsel in return for agreements by the Office of the District and County Attorney of Cameron County, Texas, to agree to judgments significantly reducing outstanding monetary commitments when criminal defendants failed to appear in court, thereby reducing or eliminating counsel's exposure for the full bond amounts in given cases.

e.    Defendant **VILLALOBOS** structured plea agreements and arrangements so that he could generate income for himself and others, including insisting in at least one case that a defendant be sentenced the same day he pled guilty so that a cash bond could be used to resolve a companion civil case, generating income for defendants **VILLALOBOS** and **LUCIO**.

-5-

f.   Defendants **VILLALOBOS** and **LUCIO** would and did pay PERSON 1 in return for the action and non-actions of PERSON 1's judicial discretion.

g.   Defendants **VILLALOBOS** and **LUCIO** used communication facilities, including cellular telephone and telephone companies with interstate operations, and wire transfers, and the United States mail and common carriers, to advance defendants' illegal activities.

h.   Defendant **VILLALOBOS** and others used property belonging to the Office of the District and County Attorney of Cameron County, Texas, and the people of Cameron County, Texas, and employees of the Office of the District and County Attorney of Cameron County, Texas, to further defendants' illegal activities.

i.   Defendant **VILLALOBOS** used executive authority, and symbols and tools of such authority to further defendants' illegal activities.

j.   Defendant **VILLALOBOS** arranged to acquire, count, and distribute the illegal income generated by the enterprise.

k.   Defendant **VILLALOBOS** used equipment made or purchased in interstate commerce to further the affairs of the enterprise.

l.   Defendants **VILLALOBOS** and **LUCIO** acquired proceeds of activity conducted in interstate and foreign commerce in furtherance of the affairs of the enterprise.

m.   The cases and matters affected by the illegal payments and by defendant **VILLALOBOS**'s favorable acts of executive discretion in return for those

illegal payments and other favors would and did affect interstate and foreign commerce.

n.      The individuals and businesses that made the illegal payments in return for defendant **VILLALOBOS**'s favorable acts of executive discretion would and did engage in interstate and foreign commerce.

Roles of the Defendants

12.     Defendant **VILLALOBOS** was the leader of the enterprise and directed others associated with the enterprise in carrying out unlawful and other activities in furtherance of the conduct of the enterprise's affairs.  Defendant **LUCIO** was an associate of the enterprise and participated, among other ways, by paying bribes and kickbacks to defendant **VILLALOBOS**.

The Racketeering Violation

The Grand Jury adopts, realleges, and incorporates herein paragraphs 1 through 12 of this Indictment.

13.     From an unknown date, believed to be on or about October of 2006, and continuously thereafter up to and including May 3, 2012, both dates being inclusive, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1)**
and
**EDUARDO "EDDIE" LUCIO (2),**

together with others known and unknown, being persons employed by and

-7-

associated with said enterprise, the Office of the District and County Attorney for

Cameron County, Texas, which was engaged in, and the activities of which affected,

interstate and foreign commerce, did unlawfully and knowingly conduct and

participate, directly and indirectly, in the conduct of such enterprise's affairs through

a pattern of racketeering activity, that is, through the commission of the following

Racketeering Acts:

The Pattern of Racketeering Activity

14.   The pattern of racketeering activity, as defined by Title 18, United States

Code, Sections 1961(1) and (5), consisted fo the following acts:

Racketeering Act No. 1:

The defendants named below committed the following acts, any one of which

alone constitutes Racketeering Act No. 1:

A.   From on or about October 2, 2006, through on or about December 25,  2007,

in the Southern District of Texas and elsewhere and within the jurisdiction of the

Court, defendants,

**ARMANDO VILLALOBOS (1),**
**and**
**EDUARDO "EDDIE" LUCIO(2),**

aided and abetted by each other and by others known and unknown to the Grand

Jury, did intentionally and knowingly solicit and accept, and agree to accept from

another a benefit, namely approximately eighty thousand dollars ($80,000.00) in

United States currency, as consideration for the exercise of discretion by defendant

-8-

**VILLALOBOS** as District and County Attorney of Cameron County, Texas, in a criminal prosecution, including fashioning the terms of a plea agreement to include sentencing at the time a guilty plea was entered by a criminal defendant, a civil settlement in the companion civil case in the amount of the cash bond that had been posted, and release pending self report by the defendant to prison, all to permit the cash bond to be used to satisfy the civil judgment.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

B.      From on or about October 2, 2006, through on or about December 25, 2007, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

### ARMANDO VILLALOBOS (1)
### and
### EDUARDO "EDDIE" LUCIO (2),

aided and abetted by each other and by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Sections 1341, 1346 and 2 as set out in Count Three of this indictment below.

C.      From on or about October 2, 2006, through on or about December 25, 2007, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

### ARMANDO VILLALOBOS (1)
### and
### EDUARDO "EDDIE" LUCIO (2),

aided and abetted by each other and by others known and unknown to the Grand

Jury, did violate Title 18, United States Code, Section 1951 and 2 as set out in Count Four of this indictment below.

Racketeering Act No. 2:

The defendants named below committed the following acts, any one of which alone constitutes Racketeering Act No. 2:

A.      From on or about October 2, 2006, to on or about December 25, 2007, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1)**
**and**
**EDUARDO "EDDIE" LUCIO (2),**

did intentionally and knowingly offer and give, and did agree to offer and confer onto another person, namely PERSON 1, then a sitting state district court judge, a benefit, namely approximately nine thousand six hundred or nine thousand seven hundred dollars ($9,600.00 or $9,700.00) and one thousand dollars ($1,000.00), in United States currency, as consideration for the exercise of judicial discretion by PERSON 1, including agreeing to keep silent after acquiescing in the terms of a plea agreement to include sentencing at the time a guilty plea was entered by a criminal defendant, a civil settlement in the companion civil case in the amount of the cash bond that had been posted, and release pending self report by the defendant to prison, all to permit the cash bond to be used to satisfy the civil judgment.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

-10-

B.      From on or about October 2, 2006, through on or about December 25, 2007,

in the Southern District of Texas and elsewhere and within the jurisdiction of the

Court, defendants,

**ARMANDO VILLALOBOS (1)**
**and**
**EDUARDO "EDDIE" LUCIO (2),**

aided and abetted by each other and by others known and unknown to the Grand

Jury, did violate Title 18, United States Code, Section 1951 and 2 as set out in Count

Five of this indictment below.

Racketeering Act No. 3:

The defendant named below committed the following acts, any one of which

alone constitutes Racketeering Act No. 3:

A.      From on or about June 27, 2008, through on or about September 30, 2008,

in the Southern District of Texas and elsewhere and within the jurisdiction of the

Court, defendants,

**ARMANDO VILLALOBOS (1)**
and
**EDUARDO "EDDIE" LUCIO (2),**

aided and abetted by each other and by others known and unknown to the Grand

Jury, did intentionally and knowingly solicit and accept and aid and abet in the

solicitation and acceptance from another, a benefit, namely approximately ten

thousand dollars ($10,000.00) in United States currency, in two separate payments

of five thousand dollars ($5,000.00), one from defendant **LUCIO** and one from

-11-

Person G,   as consideration for the exercise of discretion by defendant **VILLALOBOS** as District and County Attorney of Cameron County, Texas, in a tractor-trailer money seizure case, including payments from the seized money of approximately forty-two thousand dollars ($42,000.00) each to defendant **LUCIO** and Person G, as purported attorneys' fees and distributions to persons who had disclaimed any interest in the seized money.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

B.   From on or about June 27, 2008, through on or about September 30, 2008, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1)**
**and**
**EDUARDO "EDDIE" LUCIO (2),**

aided and abetted by each other and by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Sections 1341, 1346 and 2 as set out in Count Six of this indictment below.

C.   From on or about June 27, 2008, through on or about September 30, 2008, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1)**
**and**
**EDUARDO "EDDIE" LUCIO (2),**

aided and abetted by each other and by others known and unknown to the Grand

Jury, did violate Title 18, United States Code, Section 1951 and 2 as set out in Count Seven of this indictment below.

Racketeering Act No. 4:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 4:

A.      From on or about May 6, 2010, through on or about May 20, 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court,

### ARMANDO VILLALOBOS (1),

defendant herein, aided and abetted by Person G and by others known and unknown to the Grand Jury, did intentionally and knowingly solicit and accept, and agree to accept from others, a benefit, namely approximately five thousand dollars ($5,000.00), plus five thousand dollar ($5,000.00) as a purported campaign contribution, in United States currency, which constituted some portion of approximately five hundred twelve thousand, eight hundred seventy dollars ($512,870.00) in United States currency taken from a residence, as consideration for the exercise of discretion by defendant **VILLALOBOS** as District and County Attorney of Cameron County, Texas, in having an outstanding criminal case dismissed.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

B.      From on or about May 6, 2010, through on or about May 20, 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court,

defendant,

## ARMANDO VILLALOBOS (1),

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Sections 1341, 1346 and 2 as set out in Count Eight of this indictment below.

C.      From on or about May 6, 2010, through on or about May 20, 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

## ARMANDO VILLALOBOS (1),

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Section 1951 and 2 as set out in Count Nine of this indictment below.

Racketeering Act No. 5:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 5:

A.      From on or about November of 2008, through on or about February of 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

## ARMANDO VILLALOBOS (1),

aided and abetted by Person G and by others known and unknown to the Grand Jury, did intentionally and knowingly solicit and accept, and agree to accept from

others, a benefit, namely approximately five thousand dollars ($5,000.00) in United States currency as consideration for the exercise of discretion by defendant **VILLALOBOS** as District and County Attorney of Cameron County, Texas, in providing favorable prosecution decisions regarding clients of Person G in matters then being handled by the Office of the District and County Attorney of Cameron County, Texas.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

B.    From on or about November of 2008, through on or about February of 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

## ARMANDO VILLALOBOS (1),

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Section 1951 and 2 as set out in Count Ten of this indictment below.

Racketeering Act No. 6:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 6:

A.    From on or about January 1, 2009, through on or about December 31, 2009, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

## ARMANDO VILLALOBOS (1),

aided and abetted by PERSON 1 and by others known and unknown to the Grand Jury, did intentionally and knowingly solicit and accept, and agree to accept from others, a benefit, namely approximately two thousand dollars ($2,000.00) in United States currency as consideration for the exercise of discretion by defendant **VILLALOBOS** as District and County Attorney of Cameron County, Texas, in providing favorable prosecution decisions regarding clients of PERSON 1 in matters then being handled by the Office of the District and County Attorney of Cameron County, Texas.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

B.      From on or about January 1, 2009, through on or about December 31, 2009, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

**ARMANDO VILLALOBOS (1),**

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Section 1951 and 2 as set out in Count Eleven of this indictment below.

Racketeering Act No. 7:

The defendant named below committed the following acts, any one of which alone constitutes Racketeering Act No. 7:

A.      From on or about April of 2009, through on or about January of 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court,

-16-

defendant,

## ARMANDO VILLALOBOS (1),

aided and abetted by PERSON E and by others known and unknown to the Grand Jury, did intentionally and knowingly solicit and accept, and agree to accept from others, a benefit, namely approximately five thousand dollars ($5,000.00) in United States currency as consideration for the exercise of discretion by defendant **VILLALOBOS** as District and County Attorney of Cameron County, Texas, in providing favorable prosecution decisions regarding clients of PERSON E in matters then being handled by the Office of the District and County Attorney of Cameron County, Texas.

In violation of Texas Penal Code, Section 36.02(a)(2) [bribery].

B.      From on or about April of 2009, through on or about January of 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

## ARMANDO VILLALOBOS (1),

aided and abetted by others known and unknown to the Grand Jury, did violate Title 18, United States Code, Section 1951 and 2 as set out in Count Twelve of this indictment below

**All in violation of Title 18, United States Code, Section 1962(c).**

## COUNT TWO
### 18 U.S.C. Section 1962(d) – RICO Conspiracy

Paragraphs 1 through 14 of this Indictment are hereby realleged and incorporated as if fully set forth herein.

From an unknown date, believed to be on or about October of 2006, and continuing thereafter up to and including May 3, 2012, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1)**
and
**EDUARDO "EDDIE" LUCIO (2),**

together with and others known and unknown to the Grand Jury, being persons employed by and associated with the Office of the District and County Attorney for Cameron County, Texas, an enterprise, which engaged in, and the activities of which affected interstate and foreign commerce, knowingly and intentionally conspired to violate 18 U.S.C. Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in 18 U.S.C. Section 1961(1) and (5). The pattern of racketeering activity through which defendants and others agreed to conduct the affairs of the enterprise consisted of the acts set forth in paragraph 14 of Count One of this Indictment, which are incorporated as if fully set forth herein.

It was further a part of the conspiracy that the defendants agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the enterprise.

**In violation of Title 18, United States Code, Section 1962(d).**

-18-

## COUNT THREE
HONEST SERVICES FRAUD ("A L" Murder Case)

From on or about October 2, 2006, through on or about December 25, 2007, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1),**
**and**
**EDUARDO "EDDIE" LUCIO (2)**

aided and abetted by others known and unknown, devised and intended to devise a scheme and artifice to defraud the citizens of Cameron County, Texas, of the intangible right of honest and faithful services of the District and County Attorney of Cameron County, Texas, through kickbacks and the concealment of material information

### Purpose of the Scheme

The purpose of the scheme was for defendant **VILLALOBOS** to secretly use his official position to enrich himself by soliciting and accepting gifts, payments, and other things of value from attorneys and defendants in exchange for favorable official action, and for the attorneys and defendants to enrich themselves by secretly obtaining favorable official action for themselves through corrupt means.

### Manner and Means

The scheme and artifice was carried out in the following manner and means, among others:

1. Defendant **VILLALOBOS** arranged to have defendant **LUCIO** file a civil wrongful death suit against defendant "A L" who was, at the time, indicted on murder charges in Cameron County, Texas.

2. Defendant **VILLALOBOS** agreed to allow defendant "A L" to plead guilty to the criminal charges in exchange for a sentence of 23 years confinement.  Additionally, defendant "A L" would be sentenced at the time that his plea was accepted by the state court, but he would be allowed to remain free for sixty (60) days following the entry of his sentence before being taken into custody to serve said sentence. Additionally, defendant "A L"'s $500,000.00 bond would be used to settle the pending civil wrongful death suit with $300,000.00 going to the children of the murder victim and $200,000.00 to be paid to defendant **LUCIO**.  Subsequently, defendant **LUCIO**  remitted $80,000.00 to defendant **VILLALOBOS** in two cash payments from the proceeds of the settlement of the civil case.

3. Defendant **VILLALOBOS** provided favorable official action as the District and County Attorney for Cameron County, Texas, by authorizing that this plea agreement be accepted on behalf of the State of Texas.

4. Defendants **VILLALOBOS** and **LUCIO** took steps to hide, conceal and cover-up their activity and the nature and scope of their dealings.

<u>Execution of the Scheme</u>

-20-

On or about February 16, 2007, in Cameron County, Texas, as a result of the acts of defendants **VILLALOBOS** and **LUCIO**, and for the purpose of executing the above described scheme and artifice to defraud and deprive, the defendants caused to be placed in a post office or authorized depository for mail matter a check from the Cameron County District Clerk in the amount of $200,000.00.

**In violation of Title 18, United States Code, Sections 1341, 1346 and 2.**

## COUNT FOUR
### HOBBS ACT ("A L" Murder Case)

From on or about October 2, 2006, through on or about December 25, 2007, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants

### ARMANDO VILLALOBOS (1)
### and
### EDUARDO "EDDIE" LUCIO (2),

aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly obstruct, delay and affect interstate and foreign commerce, and did aid and abet another in doing the same, by means of extortion, in that defendant **VILLALOBOS** obtained property that was not due him or his office, and to which neither he nor his office was entitled, under color of official right, in that defendants **VILLALOBOS** and **LUCIO** did obtain approximately two-hundred thousand dollars ($200,000.00) in United States currency from a person, with that person's consent, under color of official right, in exchange for the performance and nonperformance

of official acts of discretion by defendant **VILLALOBOS**, namely fashioning the terms of a plea agreement to include sentencing at the time a guilty plea was entered by a criminal defendant, a civil settlement in the companion civil case in the amount of the cash bond that had been posted, and release pending self report by the defendant to prison, all to permit the cash bond to be used to satisfy the civil judgment and thereby enrich defendants **VILLALOBOS** and **LUCIO**.

**In violation of Title 18, United States Code, Section 1951 and 2.**

<u>COUNT FIVE</u>
**HOBBS ACT ("A L" Murder Case– PERSON 1 Payments)**

From on or about October 2, 2006, through on or about December 25, 2007, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1)**
**and**
**EDUARDO "EDDIE" LUCIO (2),**

aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly obstruct, delay and affect interstate and foreign commerce, and did aid and abet another in doing the same, by means of extortion under color of official right, namely that defendants **VILLALOBOS** and **LUCIO** enabled PERSON 1 to obtain property that was not due him or his office, and to which neither he nor his office was entitled, in that defendants **VILLALOBOS** and **LUCIO** paid PERSON 1 approximately nine thousand, six hundred or nine thousand, seven hundred

dollars ($9,600.00-$9,700.00), in United States currency and approximately one thousand dollars ($1,000.00) in United States currency respectively, in exchange for the performance and nonperformance of official acts of judicial discretion by PERSON 1, including agreeing to keep silent, fail to investigate and acquiesce to the terms of a plea agreement on a case in his court that involved sentencing at the time a guilty plea was entered by a criminal defendant, a civil settlement in the companion civil case in the amount of the cash bond that had been posted, and release pending self report by the defendant to prison, all to permit the cash bond to be used to satisfy the civil judgment and thereby enrich defendants **VILLALOBOS** and **LUCIO**.

**In violation of Title 18, United States Code, Section 1951 and 2.**

## COUNT SIX
## HONEST SERVICES FRAUD (Money Truck)

From on or about June 27, 2008, through on or about September 30, 2008, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1)**
**and**
**EDUARDO "EDDIE" LUCIO (2),**

aided and abetted by others known and unknown, devised and intended to devise a scheme and artifice to defraud the citizens of Cameron County, Texas, of the intangible right of honest and faithful services of the District and County Attorney of Cameron County, Texas, through kickbacks and the concealment of material information

Purpose of the Scheme

The purpose of the scheme was for defendant **VILLALOBOS** to secretly use his official position to enrich himself by soliciting and accepting gifts, payments, and other things of value from attorneys and defendants in exchange for favorable official action, and for the attorneys and defendants to enrich themselves by secretly obtaining favorable official action for themselves through corrupt means.

Manner and Means

The scheme and artifice was carried out in the following manner and means, among others:

1. Defendant **VILLALOBOS** arranged to have defendant **LUCIO** and Person G file an original answer to a civil forfeiture action against a yellow Freightline tractor and trailer and approximately $900,000 in United States currency that had been seized in Cameron County, Texas, on June 27, 2008.

2. Defendant **VILLALOBOS** agreed to settle the civil forfeiture case, returning the Freightline tractor and trailer along with $42,000 each to defendant **LUCIO** and Person G.

3. Defendant **LUCIO** and Person G each paid to defendant **VILLALOBOS** the sum of five thousand dollars ($5,000.00) in consideration for the settlement of the civil forfeiture case.

4.  Defendant **VILLALOBOS** provided favorable official action as the District and County Attorney for Cameron County, Texas, by authorizing that this resolution of the civil forfeiture case be accepted on behalf of the State of Texas.

5.  Defendants **VILLALOBOS** and **LUCIO** took steps to hide, conceal and cover-up their activity and the nature and scope of their dealings.

<u>Execution of the Scheme</u>

On or about August 20, 2008, in Cameron County, Texas, as a result of the acts of defendants **VILLALOBOS** and **LUCIO**, and for the purpose of executing the above described scheme and artifice to defraud and deprive, the defendant caused to be placed in a post office or authorized depository for mail matter two checks from the Cameron County District Clerk in the amount of $42,000.00.

**In violation of Title 18, United States Code, Sections 1341, 1346 and 2.**

<u>**COUNT SEVEN**</u>
**HOBBS ACT (Money Truck)**

From on or about June 27, 2008, through on or about September 30, 2008, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendants,

**ARMANDO VILLALOBOS (1)**
**and**
**EDUARDO "EDDIE" LUCIO (2),**

-25-

aided and abetted by one another and by others known and unknown to the Grand Jury, did knowingly obstruct, delay and affect interstate and foreign commerce, and did aid and abet another in doing the same, by means of extortion under color of official right, in that defendant **VILLALOBOS** obtained property that was not due him or his office, and to which neither he nor his office was entitled, a benefit, namely approximately ten thousand dollars ($10,000.00) in United States currency, in two separate payments of five thousand dollars ($5,000.00), one from defendant **LUCIO** and one from Person G, in exchange for the performance and nonperformance of official acts of discretion by defendant **VILLALOBOS**, in a tractor-trailer money seizure case, including payments from the seized money of approximately forty-two thousand dollars ($42,000.00) each to defendant **LUCIO** and Person G, as purported attorneys' fees and distributions to persons who had disclaimed any interest in the seized money.

**In violation of Title 18, United States Code, Section 1951 and 2.**

### COUNT EIGHT
### HONEST SERVICES FRAUD (Money House)

From on or about May 6, 2010, through on or about May 20, 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

### ARMANDO VILLALOBOS (1),

aided and abetted by others known and unknown, devised and intended to devise a scheme and artifice to defraud the citizens of Cameron County, Texas, of the intangible right of honest and faithful services of the District and County Attorney of

Cameron County, Texas, through kickbacks and the concealment of material information

## Purpose of the Scheme

The purpose of the scheme was for defendant **VILLALOBOS** to secretly use his official position to enrich himself by soliciting and accepting gifts, payments, and other things of value from attorneys and defendants in exchange for favorable official action, and for the attorneys and defendants to enrich themselves by secretly obtaining favorable official action for themselves through corrupt means.

## Manner and Means

The scheme and artifice was carried out in the following manner and means, among others:

1. Defendant **VILLALOBOS** arranged to have Person G file an original answer to a civil forfeiture action against a house at 8 Lucy Circle, Brownsville, Texas, and approximately $514,870 in United States currency that had been seized in Cameron County, Texas, on May 6, 2010.

2. Defendant **VILLALOBOS** agreed to settle the civil forfeiture case, returning the house along with $97,000 to Person G.

3. Person G paid to defendant **VILLALOBOS** the sum of ten thousand dollars ($10,000.00) in consideration for the settlement of the civil forfeiture case.

4. Defendant **VILLALOBOS** provided favorable official action as the District and County Attorney for Cameron County, Texas, by authorizing that this

resolution of the civil forfeiture case be accepted on behalf of the State of Texas.

5.   Defendant **VILLALOBOS** took steps to hide, conceal and cover-up his activity and the nature and scope of his dealings.

Execution of the Scheme

On or about April 13, 2011, in Cameron County, Texas, as a result of the acts of defendant **VILLALOBOS**, and for the purpose of executing the above described scheme and artifice to defraud and deprive, the defendant caused to be placed in a post office or authorized depository for mail matter a check from the Cameron County District Clerk in the amount of $97,000.00.

In violation of Title 18, United States Code, Sections 1341, 1346 and 2.

## COUNT NINE
### HOBBS ACT (Money House)

From on or about May 6, 2010, through on or about May 20, 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant

**ARMANDO VILLALOBOS (1),**

aided and abetted by others known and unknown to the Grand Jury, did attempt to knowingly obstruct, delay and affect interstate and foreign commerce, and did obstruct, delay and affect interstate and foreign commerce, by means of extortion,

namely that defendant **VILLALOBOS** obtained property that was not due him or his office, and to which neither he nor his office was entitled, under color of official right, with consent, in that defendant **VILLALOBOS** did obtain approximately five thousand dollars ($5,000.00) plus five thousand dollars ($5,000.00) in a purported campaign contribution, in exchange for the performance and nonperformance of official acts of discretion by defendant **VILLALOBOS**, in a $512,870.00 money seizure case, including payments from the seized money of approximately ninety-seven thousand dollars ($97,000.00) to Person G, as purported attorneys' fees and distributions to persons who had not otherwise claimed any interest in the seized money.

In violation of Title 18, United States Code, Section 1951 and 2.

**COUNT TEN**
**HOBBS ACT (Fixing Cases for Person G)**

From on or about November of 2008, through on or about February of 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

**ARMANDO VILLALOBOS (1),**

aided and abetted by others known and unknown to the Grand Jury, did attempt to knowingly obstruct, delay and affect interstate and foreign commerce, and did obstruct, delay and affect interstate and foreign commerce, by means of extortion, namely that defendant **VILLALOBOS** obtained property that was not due him or his

-29-

office, and to which neither he nor his office was entitled, under color of official right, with consent, in that defendant **VILLALOBOS** did obtain multiple payments in varying amounts totaling approximately five thousand dollars ($5,000.00), in exchange for the performance and nonperformance of official acts of discretion by defendant **VILLALOBOS**, in a series of criminal cases then being handled by the Office of the District and County Attorney of Cameron County, Texas, and involving favorable prosecution decisions regarding clients of Person G.

**In violation of Title 18, United States Code, Section 1951 and 2.**

### COUNT ELEVEN
### HOBBS ACT (Fixing Cases for PERSON 1)

From on or about January 1, 2009, through on or about December 31, 2009, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

### ARMANDO VILLALOBOS (1),

aided and abetted by others known and unknown to the Grand Jury, did attempt to knowingly obstruct, delay and affect interstate and foreign commerce, and did obstruct, delay and affect interstate and foreign commerce, by means of extortion, with the consent of the payer, namely that defendant **VILLALOBOS** obtained property that was not due him or his office, and to which neither he nor his office was entitled, under color of official right, with consent, in that defendant **VILLALOBOS** did obtain multiple payments in varying amounts totaling approximately eight

-30-

hundred dollars ($800.00), in exchange for the performance and nonperformance of official acts of discretion by defendant **VILLALOBOS**, in a series of criminal cases then being handled by the Office of the  District and County Attorney of Cameron County, Texas, and involving favorable prosecution decisions regarding clients of PERSON 1.

**In violation of Title 18, United States Code, Section 1951 and 2.**

### COUNT TWELVE
**HOBBS ACT (Fixing Cases for PERSON E)**

From on or about April of 2009, through on or about January of 2011, in the Southern District of Texas and elsewhere and within the jurisdiction of the Court, defendant,

**ARMANDO VILLALOBOS (1),**

aided and abetted by others known and unknown to the Grand Jury, did attempt to knowingly obstruct, delay and affect interstate and foreign commerce, and did obstruct, delay and affect interstate and foreign commerce, by means of extortion, namely that defendant **VILLALOBOS** obtained property that was not due him or his office, and to which neither he nor his office was entitled, under color of official right, in that defendant **VILLALOBOS** did obtain multiple payments in varying amounts totaling approximately five thousand dollars ($5,000.00), in exchange for the performance and nonperformance of official acts of discretion by defendant **VILLALOBOS**, in a series of criminal cases then being handled by the Office of the

District and County Attorney of Cameron County, Texas, and involving favorable prosecution decisions regarding clients of PERSON E.

**In violation of Title 18, United States Code, Section 1951 and 2.**

### NOTICE OF CRIMINAL FORFEITURE
### (Title 18, United States Code, Section 1963)

The allegations in this Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, in the event of defendant's conviction under this Indictment.

The defendants charged,

### ARMANDO VILLALOBOS (1)
and
### EDUARDO "EDDIE" LUCIO (2),

a.      have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1); and

b.      have property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

-32-

The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1) and (3), include but are not limited to at least $112,000.00.

If any of the property described in paragraphs 2 and 3 above, as a result of any act or omission of a defendant –

      a.    can not be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which can not be divided without difficulty –

the court shall order the forfeiture of any other property of the defendant up to the value of any property set forth in paragraphs 2 and 3 above.

**All pursuant to Title 18, United States Code, Section 1963.**

### NOTICE OF CRIMINAL FORFEITURE
### (Title 18, United States Code, Section 981 and
### Title 28, United States Code, Section 2461)

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), notice is given that defendants,

**ARMANDO VILLALOBOS (1)**
and
**EDUARDO "EDDIE" LUCIO (2),**

-33-

shall forfeit to the United States any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 1341, 1346, and 1951, and Title 18, United States Code, Section 2.

### Substitute Assets

In the event that the property subject to forfeiture as a result of any act or omission of a defendant –

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third party;

c.   has been placed beyond the jurisdiction of the court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be divided without difficulty – it is the intent of the United States to seek forfeiture of any other property of the defendants, pursuant to Title 21, United States Code, Section 853(p) incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

Foreperson of the Grand Jury

ROBERT PITMAN
UNITED STATES ATTORNEY,
  by special appearance

Michael J. Wynne
Assistant United States Attorney

-34-