IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 12-0374 |
| | § | |
| ARMANDO VILLALOBOS | § | |
| EDUARDO "EDDIE" LUCIO, | § | |
|     Defendants. | § | |

**DEFENDANT VILLALOBOS'S SUPPLEMENTAL BRIEF IN SUPPORT OF THE
OPPOSED MOTION TO DISMISS CERTAIN COUNTS FOR MULTIPLICITY**

**I.  Introduction**

The indictment contains multiplicitous counts that impermissibly seek to punish Mr. Villalobos with the same alleged offense—bribery.  To do so, the government will necessarily use the same evidence to prove a Hobbs Act violation as it would honest services fraud.  Allowing Mr. Villalobos to be tried under an indictment containing multiplicitous counts would violate the Double Jeopardy Clause's prohibition against multiple punishments for the same crime.

On October 19, 2012, Mr. Villalobos filed a Motion to Dismiss Certain Counts for Multiplicity requesting that the Court (1) dismiss Counts Three, Six, and Eight because the honest services fraud charges are multiplicitous of the alleged Hobbs Act violations; or (2) alternatively, dismiss Counts Four, Five, Seven, and Nine because the Hobbs Act charges are multiplicitous of the alleged honest services fraud charges; and (3) dismiss Counts Five, Eleven,

and Twelve because the government failed to use the correct unit of prosecution. [Docket No. 46].[1]

On December 10, 2012, the Court held a hearing on this Motion, among others, and stated that the parties may submit additional briefing on the issue of multiplicity by December 21, 2012. [*See* Dec. 10, 2012 Docket Minute Entry]. In response, Mr. Villalobos files this Supplemental Brief in Support of the Motion to Dismiss Certain Counts for Multiplicity and reurges the Court to dismiss all but Counts One, Two, Four, Seven, Nine, and Ten; or alternatively, dismiss all but Counts One, Two, Three, Six, Eight, and Ten.

## II.  Arguments & Authorities

### A. The charges are multiplicitous because they are based upon the same evidence.

The counts charging Mr. Villalobos with both honest services fraud and extortion are multiplicitous. The government, relying on *Blockburger*, contends that the multiple counts are proper because the elements and purposes of each statute are different. [Govt. Resp., Docket No. 69 at 2-3]. The government's argument elevates form over substance. As Mr. Villalobos argued in the Motion and as the undersigned argued orally at the December 10, 2012 hearing, the Fifth Circuit has held that *Blockburger* is not the sole test when analyzing statutes for multiplicity. [Mot., Docket No. 46 at 5-6] (citing *United States v. Ogba*, 526 F.3d 214, 232-37 (5th Cir. 2008)).

Under this controlling precedent, even if a straight *Blockburger* analysis would result in a finding of no multiplicity, the counts may still be multiplicitous if the evidence necessary to prove each count is the same. For example, in *United States v. Rankin*, the government charged the defendant with embezzlement under two different statutes: 18 U.S.C. §§ 641 and 669. *See*

---

[1] Nothing in this Supplemental Brief shall be construed as a waiver of Mr. Villalobos's arguments raised in the Motion or in his June 15, 2012 Motion to Dismiss the Indictment [Docket No. 25] and his August 15, 2012 Supplemental Brief in Support of the Motion to Dismiss Count 5 [Docket No. 38].

*United States v. Rankin*, 825 F. Supp. 2d 761, 765 (S.D. Miss. 2011). The court rejected the government's contentions that Congress, by enacting two separate statutes, necessarily intended to allow for the cumulative punishment of the same offense. *Id*. at 770. Additionally, although each statute contained different elements—§ 669 requires theft or embezzlement in connection with a health care benefit program but § 641 does not—the court nevertheless held that the two counts were multiplicitous. *Id*. at 770-71. Relying on *Ogba*, the court concluded that the analysis does not end with *Blockburger* and that the court must also look to the proof necessary for each element of each offense. *Id*. at 770. The court reasoned that the two counts set forth the same offense and were multiplicitous because the money allegedly stolen under the § 641 count was the same money allegedly stolen under the § 669 count. *Id*. at 771. The court remedied the multiplicity pretrial by ordering the government to elect the count on which it wanted to proceed and then dismissing the other count. *Id*.

Similarly, here although the elements of a Hobbs Act violation and honest services fraud are not identical, the proof necessary for each element of each offense will be the same. As outlined in the Motion, the indictment reveals the multiplicity through repetition of the same time period, fact pattern, alleged payments and dollar amounts, and alleged official action in the indictment for the Livingston case (Counts Three, Four, and Five), the Money Truck case (Counts Six and Seven), and the Money House case (Counts Eight and Nine). [*See* Mot., Docket 46 at 7-8]. For each of these three alleged bribery schemes, the government has charged Mr. Villalobos with two offenses: first, honest services fraud (Counts Three, Six, and Eight) and then, extortion under the Hobbs Act (Counts Four, Five, Seven, and Nine). Accordingly, under *Ogba* and *Rankin*, because the same evidence will be used to prove each element of each offense, the Hobbs Act and honest services fraud counts are multiplicitous of each other.

### B. The multiplicitous counts allege the same offense—bribery.

The counts identified above are also multiplicitous because both honest services fraud under the mail fraud statute and the Hobbs Act are bribery statutes. Whether the government labels the allegations as extortion or honest services fraud, it seeks to prosecute Mr. Villalobos for bribery. Case law characterizes both honest services fraud and extortion as bribery statutes. The Supreme Court has expressly stated that the Hobbs Act is a bribery statute:

> "[a]t common law, extortion was an offense committed by a public official who took 'by color of his office' money that was not due to him for the performance of his official duties. . . . Extortion by the public official was the rough equivalent of what we would now describe as '*taking a bribe*.'"

*Evans v. United States*, 504 U.S. 255 (1992) (emphasis added). With respect to honest services fraud, the Supreme Court in *United States v. Skilling* limited honest services fraud prosecutions to schemes involving bribery or kickbacks. *See United States v. Skilling*, 130 S. Ct. 2896, 2933 (2010).

Under either statute, the government will attempt to prove bribery at trial. Therefore, if the proof will be the same, under *Ogba* and *Rankin*, the counts are necessarily multiplicitous. To the extent there is any question as to whether the counts are multiplicitous, the rule of lenity requires that the ambiguity be resolved in favor of Mr. Villalobos. *See United States v. Bell*, 349 U.S. 81, 83, 75 S. Ct. 620, 622 (1955).

### C. The proper remedy is to compel the government to make an election pretrial on which counts it wants to proceed and dismiss the remaining multiplicitous counts.

Because the indictment contains multiplicitous counts, the Court should compel the government to make an election as to which counts it will pursue. The government's assertion that any duplication should be addressed post-trial at sentencing is incorrect. *See, e.g., United States v. Bradsby*, 628 F.2d 901, 905 (5th Cir. 1980) (holding that the trial court erred in denying

4

the motion to compel election after finding the indictment multiplicitous). As the Fifth Circuit has explained, justice requires that courts remedy multiplicity before trial:

> multiplying offenses from conduct in violation of the prohibition of double jeopardy hands prosecutors undue leverage in plea negotiation, frustrating evenhandedness in sentencing and raising the price of trial for accused persons. Failing to remedy a clear violation of a core constitutional principle would be error so obvious that our failure to notice it would seriously affect the fairness, integrity, or public reputation of [the] judicial proceedings and result in a miscarriage of justice.

*Ogba*, 526 F.3d at 237-38 (internal marks omitted).

### III.  Conclusion

In sum, because the honest services fraud counts and the extortion counts are multiplicitous of each other, Mr. Villalobos requests that the Court either:

(1) Compel the government to elect on which counts it wants to proceed, and dismiss the remaining multiplicitous counts; or

(2) Dismiss the honest services fraud counts: Counts Three, Six, and Eight, and dismiss Count Five as multiplicitous of Count Four; or alternatively, dismiss the extortion counts: Counts Four, Five, Seven, and Nine.

Mr. Villalobos also requests that this Court grant all other relief to which he may be justly entitled.

Respectfully submitted,

/s/ Joel Androphy
Joel Androphy
State Bar No. 01254700
S.D. Tex. 53457
Sarah M. Frazier
State Bar No. 24027320
S.D. Tex. 27980
Ashley Gargour
State Bar No. 24065272
S.D. Tex. 1040478
Berg & Androphy
3704 Travis Street
Houston, Texas 77002
Telephone (713) 529-5622
Facsimile (713) 529-3785
Email: jandrophy@bafirm.com
Email: sfrazier@bafirm.com
Email: agargour@bafirm.com

**OF COUNSEL:**

Norton A. Colvin, Jr.
State Bar No. 04632100
S.D. Tex. 1941
Colvin, Chaney, Saenz & Rodriguez LLP
1201 E. Van Buren
Brownsville, Texas 78522
Telephone (956) 542-7441
Facsimile (956) 541-2170

**ATTORNEYS FOR DEFENDANT
ARMANDO VILLALOBOS**

## CERTIFICATE OF SERVICE

On December 21, 2012 a true and correct copy of the foregoing document was served on counsel electronically through the Court's CM/ECF System.

/s/ Joel Androphy
Joel Androphy