IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. Cr-B-12-374 |
| | § | |
| ARMANDO VILLALOBOS | § | |

### DEFENDANT VILLALOBOS'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OPPOSITION TO THE GOVERNMENT'S 404(b) NOTICE

Defendant Armando Villalobos files this Supplemental Memorandum in Support of his Opposition to the Government's 404(b) Notice [Docket No. 155] as follows:

### INTRODUCTION

After the hearing held on April 18, 2013, the Court carried its ruling on the following matters that the government seeks to offer under Rule 404(b): (1) Dilia Lopez Case; (2) George Alvarez Case; and (3) Yolanda De Leon Case. On April 24, 2013, Mr. Villalobos filed a Brief to Exclude Evidence Outside the Conspiracy to address the Court's concerns about introducing the Yolanda De Leon matter. [Doc. No. 174]. As explained below, the matters offered should be excluded from this trial to avoid mini-trials and protracted litigation over issues in each case that are wholly distinct from the charges in the present indictment.

### ARGUMENT & AUTHORITIES

**I.   Rule 404(b) Does Not Permit Mini-Trials.**

Rule 404(b) necessarily implicates Rule 403, and re-litigating the Dilia Lopez, George Alvarez, and Yolanda De Leon matters in collateral mini-trials will cause an undue waste of time and confuse the jury. *United States v. Cook*, 454 F.3d 938, 942 (8th Cir. 2006) ("[T]he government's expansive Rule 404(b) evidence presented the prospect of mini-trials over the events underlying three prior convictions for five relatively remote drug transactions, all for the

purpose of bolstering *background* evidence in this case.") (emphasis in original); *United States v. Perkins*, 937 F.2d 1397, 1401 (9th Cir. 1991) ("The district court did not abuse its discretion in focusing the trial on the offense at issue, and not allowing the parties to stray and discuss the details of several extraneous robberies."). The Court has wide discretion to exclude purported 404(b) under Rule 403 to avoid the undue delay caused by several mini-trials. *See, e.g.*, *Safford v. St. Tammany Parish Fire Protection Dist. No. 1*, (E.D. La. May 26, 2004). *United States v. Waloke*, 962 F.2d 824, 830 (8th Cir. 1992) (noting the trial court's wide discretion on excluding evidence that would cause mini-trials).

## II. The Evidence Necessary for Each of the Matters Will Require Mini-Trials.

### A. Dilia Lopez Case

In addition to the fact that the Dilia Lopez case is a tax matter covered by a separate indictment for alleged tax issues unrelated to the allegations in this case, the Court should exclude the case from this trial because in addition to the numerous exhibits and witnesses that the government intends to offer,[1] Mr. Villalobos may also need to call on his on witnesses, including, but not limited to, Cathy Valdez, David Gonzales, Yolanda Villalobos's parents, tax expert, and multiple attorneys involved in the matter. The government is seeking a first bite at the apple on this matter before prosecuting the separate tax case before this Court. In order to rebut the government's allegations, Mr. Villalobos must go into detail as to the validity and strength of the underlying lawsuit and present evidence of how fee agreements and settlements work in personal injury cases. The Court should exclude the Dilia Lopez matter from this case to prevent the government from running astray with another trial within this trial.

---

[1] Michael Cowen, FBI Special Agent Mark Gripka, FBI Analyst Maria Hinojosa, Yolanda Villalobos, and any necessary custodians of record; Exhibits 2-8 & 10-25. *See* Govt. 404(b) Notice, [Doc. No. 140, at 3].

### B. George Alvarez Case

In addition to the arguments made in the Opposition to the Government's 404(b) Notice about Mr. Alvarez's actual innocence, Defense counsel requests that the Court compare the videos marked as Government Exhibits 315 and 316 to see that neither version of the video shows an assault by Mr. Alvarez. With this filing, defense submits to the Court courtesy copies of Government Exhibit 315—the video of the assault submitted with the actual innocence case, and Government Exhibit 316—the four-part video the government contends depicts an assault.

Despite the government's representations to this Court, Mr. Lucio did not edit the video in a deceptive manner to cut out the portion with the assault. He merely shortened the video to focus on the relevant minutes of the altercation initiated by the jailer. Defense counsel has learned that during a hearing held on April 24, 2013 in the civil rights lawsuit, *George Alvarez v. City of Brownsville*, No. B-11-078, (S.D. Tex.), Magistrate Judge Morgan informed the parties that after reviewing the videos, he did not see any assault by Alvarez.

Allowing the George Alvarez case will create another mini-trial within the main trial. The government has already listed numerous exhibits and witnesses for the Alvarez matter,[2] and the defense may have to offer exhibits including, Defense Exhibits 145 and 379 and call its own witnesses, including, but not limited to, Eddie Lucio, Police Chief Carlos Garcia, defense expert Albert Rodriguez, jailer Jesus Arias, jailer Christopher Board, Police Lieutenant Henry Etheridge, Police Sergeant David Infante, Police Commander Robert Avita, Police Officer Rene Carrejo, assaulted detainee George Alvarez, assaulted detainee Jose G. Lopez, insurance adjuster for the City of Brownsville on the Alvarez and Lopez lawsuits, several attorneys and assistant district attorneys, and any potential rebuttal witnesses. Mr. Villalobos must also introduce

---

[2] Attorney Heather Scott, Chief First Assistant District Attorney Rene Gonzalez, FBI Special Agent Mark Gripka, FBI Analyst Maria Hinojosa, Judge Migdalia Lopez, investigator Joe Lopez, and any necessary custodians of record; and Exhibits 298-300 and 302-316. *See* Govt. 404(b) Notice, [Doc. No. 140, at 5].

videos, numerous documents and criminal and civil court records from Mr. Alvarez's state and federal cases as well as the similar Jose Lopez civil and criminal cases—Mr. Lopez was also falsely accused of assaulting the same jailer when in fact it was the jailer who assaulted both Mr. Lopez and Mr. Alvarez on separate occasion.

Mr. Villalobos may have to show how and why Mr. Alvarez entered a guilty plea, the details of said plea, the sentence, the reasons for revoking the probation sentence and the reasons leading to the imprisonment of Mr. Alvarez. Mr. Villalobos may also have to introduce the entire proceeding relating to the writ of habeas corpus on actual innocence grounds. There are no designated experts and no one to explain the legal and constitutional complexity of Texas habeas writs and the unusual nuances of Texas writ procedure. Finally, Mr. Villalobos may also need to then address the Alvarez lawsuit currently pending before this Court.

Allowing the Alvarez into this case will amount to a full trial to show that the Alvarez case does not have nefarious origins—a fact the government should already know based upon its own exhibits and witnesses. The defense is perplexed by the government's decision to waste the Court's and the jury's time by perpetuating the false impression that Mr. Alvarez assaulted a jailer. Equally disconcerting is the government's interest in showing that the Cameron County District Attorney's Office dropped the charges after the Court of Criminal Appeals found Mr. Alvarez to be actually innocent. The Court should not allow the government to take this case off course and cause an undue waste of time and prejudice. For all these reasons, the Court should exclude the George Alvarez matter.

### C. Yolanda De Leon Case

Like the Dilia Lopez and George Alvarez cases, the Yolanda De Leon matter will be another trial within this trial. The government again listed various witnesses,[3] thus requiring the defense to offer exhibits including at least five audio tapes and call its own witnesses, including, but not limited to, attorneys Israel Cano and Mervyn Mosbacker, and other rebuttal witnesses. Defense counsel has made oral arguments to the Court regarding this case and at the hearing on April 18, 2013, presented the Court with additional audio files to listen to regarding this matter to show the communications that the defense counsel in that case also had with Limas. Additionally, the government is incorrect in suggesting that Mr. Villalobos was involved in the civil case. Defense counsel also addressed the Court's concerns about introducing the Yolanda De Leon matter in the Brief to Exclude Evidence Outside the Conspiracy [Doc. No. 174]. For all these reasons, the Court should also exclude the Yolanda De Leon matter.

### CONCLUSION

In sum, the government's expansive, irrelevant other acts evidence would create a mini-trial on each of the three matters. Moreover, because the jury would inevitably in some instances have to consider the merits of the lawsuit, introducing these matters would distract the jury from its central task. Accordingly, because the potential for confusion of the issues outweighs the probative value of the evidence, Mr. Villalobos requests that this Court exclude the following matters from the trial: (1) Dilia Lopez Case; (2) George Alvarez Case; (3) Yolanda De Leon Case.

---

[3] Yolanda De Leon, former First Assistant District Attorney Chuck Mattingly, investigator Joe Lopez, Peter Zavaletta, FBI Special Agent Mark Gripka, Jim Solis, and any necessary custodians of record; and Exhibits 227-228, photographs, transcripts and audio. *See* Govt. 404(b) Notice, [Doc. No. 140, at 7].

Respectfully submitted,

/s/ Joel Androphy
Joel Androphy
State Bar No. 01254700
S.D. Tex. 53457
Sarah M. Frazier
State Bar No. 24027320
S.D. Tex. 27980
Ashley Gargour
State Bar No. 24065272
S.D. Tex. 1040478
Berg & Androphy
3704 Travis Street
Houston, Texas 77002
Telephone (713) 529-5622
Facsimile (713) 529-3785
Email: jandrophy@bafirm.com
Email: sfrazier@bafirm.com
Email: agargour@bafirm.com

OF COUNSEL:

Norton A. Colvin, Jr.
State Bar No. 04632100
S.D. Tex. 1941
Colvin, Chaney, Saenz & Rodriguez LLP
1201 E. Van Buren
Brownsville, Texas 78522
Telephone (956) 542-7441
Facsimile (956) 541-2170

**ATTORNEYS FOR DEFENDANT
ARMANDO VILLALOBOS**

**CERTIFICATE OF SERVICE**

On April 26, 2013, a true and correct copy of the foregoing document was served on counsel electronically through the Court's CM/ECF system.

/s/ Joel Androphy
Joel Androphy