Case 1:12-cr-00374   Document 401   Filed on 04/24/20 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
April 24, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 1:12-CR-374-1 |
| | § | |
| ARMANDO VILLALOBOS | § | |

## ORDER AND OPINION

Defendant Armando Villalobos requests that the Court order his release to home confinement due to his underlying medical issues and the dangers that COVID-19 poses to his health. (Doc. 396) In making this request, Villalobos relies on 18 U.S.C. § 3582(c)(1)(A)(i), but he fails to meet this statute's requirements for presenting such a motion. As a result, Villalobos's Motion is premature.

**I**

Villalobos is currently incarcerated in the Bureau of Prisons Federal Correctional Institute Forrest City Low. (Motion, Doc. 369, 1) On April 12, 2020, Villalobos submitted a letter to Complex Warden, DeWayne Hendrix, requesting placement in home confinement, or in the alternative, compassionate release. (Warden Memo, Doc. 399-3, 3) On April 22, 2020, Hendrix denied Villalobos's request, advising him that he could appeal the decision through the BOP's administrative remedy process. (*Id*. at 1)

**II**

"[A] district court's authority to correct or modify a sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582([c])." *United States v. Meza*, 620 F.3d 505, 507 (5th Cir. 2010) (quoting *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)); *see also United States v. Cuellar*, 721 Fed. App'x. 385, 385 (5th Cir. 2018) (per curiam) (citing *Bridges*, 116 F.3d at 1110). Under Section 3582(c)(1), a court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a), if the court finds that "extraordinary and compelling reasons warrant such a reduction" and finds that "such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). Of course, the court cannot do so *sua sponte*. And before the promulgation of the First Step Act in December 2018, only the Bureau of Prisons could request that a court reduce a defendant's sentence under Section 3582(c)(1).

The First Step Act enabled defendants to present such requests directly. But the statute contains specific requirements for these direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or, wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id*. § 3582(c)(1)(A).[1]

This statutory language is mandatory and includes no exceptions. It is well established that when Congress creates a statutory scheme that includes pre-filing requirements, courts are "not free to rewrite the statutory text". *McNeil v. United States*, 508 U.S. 106, 111 (1993) (concluding that the Federal Tort Claims Act requires a claimant to exhaust administrative remedies before "invocation of the judicial process"); *see also Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016) ("[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion.").

In the present matter, Villalobos does not—and cannot—claim that he has met either statutory requirement. On April 12, less than thirty days before he filed this lawsuit, he requested that the Warden reduce his sentence under Section 3582(c)(1). The Warden recently denied the request, but confirmed that Villalobos possesses administrative remedies for review of that decision. (Warden Memo., Doc. 399-3, 1) As a result, Villalobos has neither exhausted his administrative rights to appeal the Warden's decision, nor waited thirty days after he presented his request before filing this lawsuit.

Villalobos argues that compliance with these requirements is "unnecessary where it would be futile, and if undue delay would result in catastrophic health consequences". (Motion,

---

[1] In the latter scenario, the defendant need not exhaust available administrative remedies.

Doc. 396, 3 (citing *United States v. Colvin*, No. 3:19CR179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020)) But the statute itself creates no such exception. And analogous caselaw does not support reading such an exception into the statute. *See, e.g., Ross*, 136 S. Ct. at 1857 (2016) (concluding that courts "may not engraft an unwritten 'special circumstances' exception" onto the exhaustion requirement of the Prison Litigation Reform Act). The Court declines to create a "special circumstances" exception to Section 3582(c)(1)'s requirements.[2]

In a related context, the Fifth Circuit recently considered the exhaustion obligation under the Prison Litigation Reform Act (PLRA). *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *5 (5th Cir. Apr. 22, 2020). Specifically, the court analyzed whether prisoners in the custody of the Texas Department of Criminal Justice (TDCJ) system had to exhaust their administrative remedies before bringing suit under the PLRA to request injunctive relief aimed at improving prison conditions in response to the COVID-19 pandemic. The prisoners argued that in light of the immediate dangers that the pandemic posed to prisoners' health, they should not have to exhaust the administrative-review process, as doing so would not provide timely relief. The Fifth Circuit disagreed, concluding that the statute did not include a "special circumstances" exception, and that the prisoners had an available remedy: "Relief by TDCJ therefore remains possible (and the procedure available), even if TDCJ has not acted as swiftly as Plaintiffs would like." *Id.* at *7.

The Court finds that Villalobos's Motion under Section 3582(c)(1)(A)(i) suffers from the same deficiency as the plaintiffs' claims in *Valentine*. Section 3582(c)(1) contains no exception for special circumstances, even when those circumstances are as unprecedented as those that the COVID-19 pandemic has created. And Villalobos does not allege that he lacks the opportunity to appeal the Warden's denial of his request. In other words, he has an available administrative remedy to seek relief, even if that process is not as "swift" as he would like.

---

[2] The Court does not reach whether Section 3582(c)(1) represents a jurisdictional requirement or merely a claim-processing rule that parties can waive. In this case, the Government has not waived the statute's requirements, rendering the distinction immaterial to resolution of Villalobos's Motion.

Alternatively, he may wait thirty days after he presented his request to the Warden and, if he has not obtained the desired relief at that point, present his request directly to this Court for its consideration.

Accordingly, it is:

**ORDERED** that Defendant Armando Villalobos's Emergency Motion for Release to Home Confinement under 18 USC 3582 (c)(1)(A)(i) (Doc. 396) is **DENIED WITHOUT PREJUDICE**.

SIGNED this 24th day of April, 2020.

*Fernando Rodriguez, Jr.*
Fernando Rodriguez, Jr.
United States District Judge